IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL DELGADO, : Civil No. 3:23-cv-881
:
    Petitioner : (Judge Mariani)
:
v. :
:
WARDEN BARRAZA, :
:
    Respondent :

**MEMORANDUM**

Petitioner Angel Delgado ("Delgado"), an inmate confined at the Federal Correctional Institution, in Allenwood, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Delgado seeks an Order directing the Federal Bureau of Prisons ("BOP") to award him earned time credits pursuant to the First Step Act ("FSA"). (*Id.*). For the reasons set forth below, the Court will deny the habeas petition.

**I.**     **Background**

Delgado is serving a 60-month term of imprisonment imposed by the United States District Court for the District of Rhode Island for conspiracy to distribute and possess with intent to distribute cocaine. (Doc. 6-1, pp. 4-6, Public Information Inmate Data). His projected release date is April 10, 2024, via good conduct time release. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Delgado has not filed any administrative remedies. (Doc. 6-1, p. 8).

The BOP conducted a First Step Act Time Credit Assessment and found that Delgado is ineligible for application of FSA time credits due to his medium PATTERN[1] score. (*Id.* at p. 10, FSA Time Credit Assessment). Inmates with a high or medium PATTERN score can petition the warden to be considered on an individualized basis for placement in prerelease custody or supervised release. (Doc. 6-1, Declaration of Jennifer Knepper, BOP Supervisory Attorney ("Knepper Decl."), p. 2, ¶ 8, citing 18 U.S.C. § 3624(g)(1)(D)(i)(II)). Delgado has not shown that he made such a request to the warden. (*Id.* ¶ 9).

In his § 2241 petition, Delgado alleges that the BOP failed to apply his earned time credits under the First Step Act. (Doc. 1). Respondent contends that Delgado's § 2241 petition must be denied because: (1) Delgado failed to exhaust his administrative remedies; and (2) Delgado is not eligible for earned time credits at this time. (Doc. 6).

## II.   Discussion

### A.   Exhaustion of Administrative Review

Despite the absence of a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). In the typical case, the failure to

---

[1] The Bureau of Prison's recidivism assessment tool, Prison Assessment Tool Targeting Estimated Risk Needs ("PATTERN").

2

exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. *Moscato*, 98 F.3d at 761-62. Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Notably, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

    The BOP has established a multi-tier administrative remedy system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. (Doc. 6-1, Knepper Decl. ¶ 4, citing 28 C.F.R. §§ 542.10-542.19). The system first requires an inmate to present their complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve. (*Id.*, citing 28 C.F.R. § 542.13(a)). If informal resolution

is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence. (*Id.*, citing 28 C.F.R. § 542.14). The Warden shall provide a response within twenty calendar days. 28 C.F.R. § 542.18. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. (Doc. 6-1, Knepper Decl. ¶ 4, citing 28 C.F.R. § 542.15(a)). The Regional Director has thirty calendar days to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. (Doc. 6-1, Knepper Decl. ¶ 4, citing 28 C.F.R. § 542.15(a)). No administrative remedy appeal is considered fully exhausted until decided on the merits by the BOP's Central Office. (*Id.*, citing 28 C.F.R. §§ 542.10-542.19).

      The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional and Central Offices. BOP employees log and update inmates' public information into SENTRY as a matter of course as the information is received. Although all requests for administrative relief, whether accepted or rejected, are entered into the BOP's computerized database, actual copies of rejected administrative remedies are not maintained. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be

entered to identify the reason or reasons for rejecting a request for administrative relief.

Delgado's Administrative Remedy Generalized Retrieval report reveals that he failed to exhaust the claims in the instant habeas petition. (Doc. 6-1, p. 8). The undisputed record reflects that Delgado has not filed any administrative remedies while in BOP custody. (*Id.*). Delgado has not established that he should be excused from exhausting administrative remedies with respect to his present claims. Instead, he asserts that this is an issue "that only the court can resolve." (Doc. 1, p. 2). While the Court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding Delgado's eligibility for earned time credits and the specific number of earned time credits. The latter issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused. Delgado's claim is the type of FSA earned-time-credit dispute that must first be properly exhausted through the BOP system. Moreover, even if Delgado thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)). Thus, Delgado's § 2241 petition must be dismissed for failure to exhaust

5

administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Delgado to invoke the judicial process despite failing to complete administrative review. Nevertheless, the Court will address the merits of his petition below.

**B.     Merits of the Habeas Petition**

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. *See* 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. *See id.* § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." *Kurti*, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten (10) days of credit for

every thirty (30) days of successful participation. *See id.* Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn an additional five (5) days of time credit for every thirty (30) days of successful participation. *See id.* However, an inmate may not earn time credits for EBRR programs completed prior to the enactment of the FSA. *See id.* § 3632(d)(4)(B)(i). The Attorney General was allowed 210 days after the FSA was enacted to develop and publish the System, which the BOP then used as a guide to implement the EBRRs and PAs. *See id.* § 3632(a). The Attorney General published the System on July 19, 2019, and the BOP then had 180 days, or until January 15, 2020, to implement the System, complete assessments, and begin to assign prisoners to appropriate EBRRs. *See Kurti*, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3621(h)). Moreover, the FSA provides that EBRRs and PAs are to be phased in over a period of two (2) years, from January 15, 2020 to January 15, 2022. *See* 18 U.S.C. § 3621(h)(2).

Inmates who are eligible for FSA time credits can accrue credits, but they cannot be applied until the inmate has earned a low or minimum recidivism risk. *See* 18 U.S.C. § 3624(g)(1)(B); 28 C.F.R. § 523.44. Delgado is eligible to earn FSA time credits. Although Delgado may be eligible to earn time credits, those credits cannot be applied until he has "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B). Delgado's current recidivism risk level is

medium. (Doc. 6-1, Knepper Decl. ¶ 8; Doc. 6-1, p. 10, FSA Time Credit Assessment Worksheet). Delgado will not be eligible for application of FSA time credits until, among other requirements, his risk level is reduced to minimum or low. Additionally, an inmate with a high or medium PATTERN score can petition the warden to be considered on an individualized basis for placement in prerelease custody or supervised release. (Doc. 6-1, Knepper Decl. ¶ 9; 18 U.S.C. § 3624(g)(1)(D)(i)(II)). The record confirms that Delgado has not made such a request to the warden. (Doc. 6-1, Knepper Decl. ¶ 9). Thus, the Court must deny the habeas petition.

## III.    Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: July 14, 2023